MARC J. GROSS, ESQ. (02009-1991)
**FOX ROTHSCHILD LLP**
49 Market Street
Morristown, New Jersey 07960
Telephone: (973) 992-4800
Facsimile: (973) 992-9125
*Attorneys for Plaintiff*

| | |
|---|---|
| ROYAL HERITAGE HOME,LLC.<br><br>Plaintiff,<br><br>v.<br><br>SELECTIVE BENEFITS GROUP and ANDREW BLUESTONE,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: BERGEN COUNTY<br>DOCKET NO.<br><br>Civil Action<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff, Royal Heritage Home, LLC. ("RHH"), having an address at 45 West 36th Street, 5th Floor, New York, New York, 10018 by way of Complaint against defendants Selective Benefits Group ("Selective") Andrew Bluestone ("Bluestone"), alleges as follows:

## THE PARTIES

1. Plaintiff RHH, is a Delaware corporation with its principle place of business at 45 West 36th Street, 5th Floor, New York, New York, 10018.

2. Upon information and belief, defendant Selective is a New Jersey Corporation with its principle place of business at 50 Hart Street, Ramsey, New Jersey, 07446.

3. Upon information and belief, Bluestone is the Owner of Selective, resides in Essex County, New Jersey and conducts business in New Jersey.

## FACTUAL ALLEGATIONS

4. In or about December 2014, Selective entered into an agreement with RHH (the "Agreement") for Selective to provide services relating to RHH's non-qualified retirement plans for certain key RHH employees from the Principal Financial (the "Plan").

5. In connection with selling the Plan, Bluestone made representations to RHH's Chief Executive Officer that the Plan would include a life insurance policy on a particular RHH employee to be funded 100% from employee contributions to the Plan.

6. Bluestone and his staff represented that the total cost to RHH for the Plan would be limited to $2,500.

7. RHH performed under the Agreement by causing certain payroll contributions of its employees to be directed to the Plan.

8. Unfortunately, notwithstanding Bluestone's representations, RHH discovered in 2018 that the Plan was not fully funded, resulting in a shortfall of benefits in an amount not less than $72,674.

9. Thus, despite their representations, and upon information and belief, Selective and Bluestone have engaged in a scam to collect commissions and unlawfully enrich themselves on an underfunded plan to the detriment of RHH.

10. Accordingly, RHH brings this action against Selective and Bluestone to stop their scam and to recover damages.

## FIRST COUNT

11. RHH incorporates the allegations contained in Paragraph 1-9 above as if set forth herein at length.

12. Bluestone and Selective committed unconscionable commercial practices in violation of the New Jersey Consumer Fraud Act N.J.S.A. 56:8-1 et seq. (the "Act") by and through their misrepresentations to RHH concerning the Plan.

13. As a direct and proximate result of Bluestone's and Selective's consumer fraud, in violation of the Act, RHH has suffered and continues to suffer irreparable harm and damages.

**WHEREFORE**, plaintiff Royal Heritage Home, Inc. demands judgment against defendants Selective Benefits Group and Andrew Bluestone, jointly and severally, for the entry of a permanent injunction to forbid Selective and Bluestone from selling or offering the Plan for sale, for treble damages, interest, attorneys' fees, costs of suit and for such other relief as the Court deems equitable and just.

**SECOND COUNT**

14. RHH incorporates the allegations of the First count of its Complaint as if set forth herein at length.

15. In or about December, 2014, Selective and Bluestone made representations to RHH that Selective had a present intention to adequately provide the Plan to RHH and that RHH's costs would be limited to $2,500.

16. At all relevant times when making such representations, Selective and Bluestone knew or should have known that the representations were false, and their representations were misrepresentations of fact, made with the intent to deceive RHH and induce it to enter the Agreement.

17. RHH relied on Selective's misrepresentations by selecting the Plan, entering into the Agreement and directing employee contributions to Selective.

18. Notwithstanding Selective's and Bluestone's representations, RHH discovered that the Plan was not fully funded, resulting in a shortfall of not less then $72,674.

19. As a direct and proximate result of Selective's and Bluestone's intentional misrepresentations, RHH has suffered and continues to suffer damages.

**WHEREFORE**, plaintiff Royal Heritage Home, Inc. demands judgment against defendants Selective Benefits Group and Andrew Bluestone, jointly and severally, for the entry of a permanent injunction to forbid Selective and Bluestone from selling or offering the Plan for sale, for compensatory and punitive damages, interest, attorneys' fees, costs of suit and for such other relief as the Court deems equitable and just.

**THIRD COUNT**

20. RHH incorporates the allegations of the First and Second Counts of its Complaint as if set forth herein at length.

21. As a direct and proximate result of the negligent misrepresentation of Selective and Bluestone, as set forth above, RHH has suffered and continues to suffer damages.

**WHEREFORE**, plaintiff Royal Heritage Home, Inc. demands judgment against defendants Selective Benefits Group and Andrew Bluestone, jointly and severally, for the entry of a permanent injunction to forbid Selective and Bluestone from selling or offering the Plan for sale, for compensatory damages, interest, attorneys' fees, costs of suit and for such other relief as the Court deems equitable and just.

**FOURTH COUNT**

22. RHH incorporates the allegations of the First through Third Counts of its Complaint as if set forth herein at length.

23. There is due and owing from Selective to RHH no less than the sum of $72,674, which Selective and/or Bluestone agreed to pay.

24. Notwithstanding RHH's demands, Selective has failed and refused to pay amounts owed.

**WHEREFORE**, plaintiff Royal Heritage Home, Inc. demands judgment against defendants Selective Benefits Group and Andrew Bluestone, jointly and severally, for the entry of a permanent injunction to forbid Selective and Bluestone from selling or offering the Plan for sale, for compensatory damages, interest, attorneys' fees, costs of suit and for such other relief as the Court deems equitable and just.

**FIFTH COUNT**

25. RHH incorporates the allegations of the First through Fourth Counts of its Complaint as if set forth herein at length.

26. Selective, being indebted to RHH in the sum of no less than $72,674, plus late fees, attorneys' fees and additional interest, upon an account stated between the parties.

27. There is due and owing from Selective to RHH the sum of no less than $72,674.

28. Notwithstanding RHH's demands, Selective has failed and refused to pay amounts owed.

**WHEREFORE**, plaintiff Royal Heritage Home, Inc. demands judgment against defendants Selective Benefits Group and Andrew Bluestone, jointly and severally, for the entry of a permanent injunction to forbid Selective and Bluestone from selling or offering the Plan for sale, for compensatory damages, interest, attorneys' fees, costs of suit and for such other relief as the Court deems equitable and just.

**SIXTH COUNT**

29. RHH incorporates the allegations of the First through Fifth Counts of its Complaint as if set forth herein at length.

30. Selective acted in a willful and wanton manner, and otherwise acted in bad faith relating to the Agreement, constituting a breach of the covenant of good faith and fair dealing.

31. As a direct and proximate result of Selective's breach of the covenant of good faith and fair dealing, RHH has suffered and continues to suffer damages.

**WHEREFORE**, plaintiff Royal Heritage Home, Inc. demands judgment against defendants Selective Benefits Group and Andrew Bluestone, jointly and severally, for the entry of a permanent injunction to forbid Selective and Bluestone from selling or offering the Plan for sale, for compensatory damages, interest, attorneys' fees, costs of suit and for such other relief as the Court deems equitable and just.

**SEVENTH COUNT**

27. RHH incorporates the allegations of the First through Sixth Counts of its Complaint as if set forth herein at length.

28. As a direct and proximate result of the foregoing, including their receipt of premium payments and/or commissions relating thereto, Selective and Bluestone have been unjustly enriched.

**WHEREFORE**, plaintiff Royal Heritage Home, Inc. demands judgment against defendants Selective Benefits Group and Andrew Bluestone, jointly and severally, for the entry of a permanent injunction to forbid Selective and Bluestone from selling or offering the Plan for sale,

for compensatory and punitive damages, interest, attorneys' fees, costs of suit and for such other relief as the Court deems equitable and just.

**FOX ROTHSCHILD LLP**
Attorneys for Plaintiff

By: *__/s/ Marc J. Gross___________*
MARC J. GROSS, ESQ.

Dated: August 14, 2019

**JURY DEMAND**

Plaintiff Royal Heritage Home, Inc. hereby demands a trial by jury as to all issues so triable.

**FOX ROTHSCHILD LLP**
Attorneys for Plaintiff

By: *___/s/ Marc J. Gross_________________*
MARC J. GROSS

Dated: August 14, 2019

**DESIGNATION OF TRIAL COUNSEL**

Pursuant to R. 4:25-4, Marc J. Gross, Esq. is hereby designated as trial counsel in this matter.

**FOX ROTHSCHILD LLP**
Attorneys for Plaintiff

By: *__/s/ Marc J. Gross_____________*
MARC J. GROSS, ESQ.

Dated: August 14, 2019

**CERTIFICATION PURSUANT TO RULE 4:5-1**

I hereby certify that the matter in controversy is not currently the subject of any other action pending in any Court and is, likewise, not the subject of any pending arbitration proceeding. I further certify there is no action or arbitration proceeding contemplated regarding the subject of this action, and that I am not aware of any other parties who should be joined in this action.

**FOX ROTHSCHILD LLP**
Attorneys for Plaintiff

By: *\/s/ Marc J. Gross*
MARC J. GROSS, ESQ.

Dated: August 14, 2019

**CERTIFICATION PURSUANT TO R. 4:5-1(B)(3)**

I certify that confidential personal identifiers have been redacted from documents submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

**FOX ROTHSCHILD LLP**
Attorneys for Plaintiff

By: */s/ Marc J. Gross*
MARC J. GROSS, ESQ.

Dated: August 14, 2019

# Civil Case Information Statement

## Case Details: BERGEN | Civil Part Docket# L-005934-19

**Case Caption:** ROYAL HERITAGE HOME, LLC VS SELECTIVE BENEFITS
**Case Initiation Date:** 08/15/2019
**Attorney Name:** MARC JONATHAN GROSS
**Firm Name:** FOX ROTHSCHILD LLP
**Address:** 49 MARKET ST
MORRISTOWN NJ 079605122
**Phone:** 9739924800
**Name of Party:** PLAINTIFF : ROYAL HERITAGE HOME, LLC
**Name of Defendant's Primary Insurance Company**
(if known): None

**Case Type:** TORT-OTHER
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO **Title 59?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

08/15/2019
Dated

/s/ MARC JONATHAN GROSS
Signed